UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-23159-CIV-KING

JUAN VELASQUEZ,

    Plaintiff,

v.

ALL FLORIDA SECURITY CORP.,
JOSE VALLADARES, and
RANGER SECURITY CORPORATION,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before this Court upon Defendants' Motion for Summary Judgment with Incorporated Statement of Undisputed Material Facts and Memorandum of Law (D.E. #19), filed November 10, 2008. On November 14, 2008, the undersigned conducted a Status Conference, in which the parties briefly addressed the merits of said Motion. Later that same day, the Plaintiff filed his Response in Opposition to Defendants' Motion for Summary Judgment (D.E. #21). On November 25, 2008, the Defendants filed their Reply (D.E. #23).

### I. BACKGROUND

This case is a collective action filed pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff alleges that, from approximately April 4, 2007 to November 29, 2007, he worked as a security guard for the Defendants, whose business was providing

security guards to local businesses. *See* Compl., ¶ 10. The Plaintiff (1) only provided security-guard services at The Food Star Supermarket ("Food Star"), (2) never utilized the Food Star's telephone line, (3) never placed long-distance calls on behalf of Food Star, (4) never utilized the Food Star's fax machine to fax documents outside the State of Florida, and (5) never processed credit-card payments for Food Star. *See* Exh. A, pg. 29-30. The Plaintiff alleges that his work affected interstate commerce because both the materials that he used to provide security and the materials that he guarded either had moved or would move in interstate commerce. *See* Compl., ¶ 10. During his employment with the Defendants, Plaintiff (whose regular rate of pay was $7.00 per hour) was allegedly not paid 20.1 hours of overtime. *See id.* Furthermore, the Plaintiff alleges that the Defendant Valladares retaliated against him for his November 29, 2007 complaint that he had not been paid overtime for work performed. *See id.* at ¶ 12. Specifically, immediately after this complaint, Defendant Valladares allegedly fired the Plaintiff and threatened bodily harm to his mother. *See id.* at ¶ 13. For these alleged violations, the Plaintiff seeks, *inter alia*, damages and injunctive relief. *See id.* at ¶ 14.

## II. LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court's focus in considering a motion for summary judgment is "whether the evidence presents a

sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). The moving party has the burden to establish the absence of a genuine issue as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Tyson Foods, Inc.*, 121 F.3d at 646. Once the moving party has established the absence of a genuine issue of material fact, to which the nonmoving party bears the burden during trial, the nonmoving party must go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex v. Carrett*, 477 U.S. 317, 324 (1986). Issues of fact are genuine only if a reasonable jury, considering the evidence presented, could find for the nonmoving party. *See Anderson*, 477 U.S. at 247-51. In determining whether to grant summary judgment, the district court must remember that "credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* at 255. A mere scintilla of evidence in support of the non-moving party's position is insufficient, however, to defeat a motion for summary judgment. *See id.* at 252. If the evidence is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249-50. Finally, the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.' " *Celotex*, 477 U.S. at 327.

## III. DISCUSSION

After considering the briefs of the parties and the arguments presented at the November 14, 2008 hearing, the undersigned concludes that said Motion should be granted due to this Court's lack of subject matter jurisdiction over the instant action. Specifically, the interstate component necessary for a FLSA action is not satisfied.

For enterprise coverage[1] to exist under FLSA, the plaintiff must demonstrate "that the employer is an enterprise that (1) 'has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and has an (2) 'annual gross volume of sales made or business done [of] not less than $500,000.' " *Scott v. K.W. Max Investments, Inc.*, 256 F. App'x 244, 247 (11th Cir. 2007) (emphasis added) (quoting 29 U.S.C. § 203(s)(1)(A)). Furthermore, the term " '[g]oods' . . . does not include goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof." 29 U.S.C. § 203(I). Finally, employees must engage in activity implicating interstate commerce on regular and recurrent basis, rather than on isolated or sporadic occasions, for jurisdiction to exist. *See Scott*, 256 F. App'x at 248.

Here, the Defendants have stipulated that the second element (i.e., annual gross volume of sales or business done of not less than $500,000) is satisfied. However, the

---

[1] In his Response, the Plaintiff does not attempt to refute the Defendants' assertions that the interstate component for individual coverage is not satisfied. Thus, because the Plaintiff has conceded that a claim for individual coverage cannot exist, the undersigned only addresses whether the interstate component is satisfied for the alleged enterprise coverage.

Plaintiff cannot satisfy the first element for enterprise coverage.

The Plaintiff asserts that, because the Food Star employed individuals who handled and sold goods that had been moved in or produced for commerce, the Defendant security-guard companies (who provided security services to the Food Star) may be held liable for enterprise coverage. The undersigned disagrees. The Plaintiff cites inapposite case law. In those cases, the respective security guards actually worked for the company whose premises they were guarding. *See Mitchell v. Central Produce Co.*, 239 F.2d 377, 377 (6th Cir. 1956) ("The appellee is . . . engaged in the purchase, handling, warehousing, sale and distribution of fresh fruits and vegetables at wholesale. The question presented by this appeal is whether one of appellee's employees, who is employed as a night watchman, comes within the coverage of the Act."); *Russell Co., Inc. v. McComb*, 187 F.2d 524, 524-25 (5th Cir. 1951) ("The question here presented is whether a night watchman employed by appellant was 'engaged in commerce' . . . appellant operates a wholesale grocery business . . . ."). Here, the Plaintiff worked for the Defendant security-guard companies, which then provided the services of its security guards to local businesses. Thus, the relevant inquiry is not whether Food Star had employees engaged in commerce but, instead, whether the Defendant security-guard companies had such employees. If the undersigned were to analyze the business of the Defendant's clients (e.g., Food Star), as the Plaintiff asserts, such would lead to absurd results in all types of FLSA cases. For example, a local landscaping business would be subjected to enterprise liability merely because it provides services (e.g., mows the lawn) for a client (e.g., a

5

national bank) who engages in business across state lines. Congress surely did not intend such absurd results. Thus, applying the appropriate inquiry to the instant action, there clearly is not a claim for enterprise coverage against the Defendant security-guard companies: (1) Defendants only provide security guards to businesses within Miami-Dade County, *see* Exh. C, ¶¶ 5-6; and (2) Defendants do not solicit business from outside Miami-Dade County, *see id.* In general, this Court has recently held that such service-type companies of an exclusively local nature are not subject to the provisions of FLSA. *See, e.g., Resias Polycarpe v. E&S Landscaping Serv., Inc.*, 572 F. Supp. 2d 1318 (S.D. Fla. Aug. 15, 2008) (King, J.); *Bien-Aime v. Nanak's Landscaping, Inc.*, 572 F. Supp. 2d 1312 (S.D. Fla. Aug. 12, 2008) (Lenard, J.).

Even if the undersigned were to conclude that the relevant inquiry analyzes the activities of the Food Star's employees, a claim for enterprise coverage still does not exist for multiple reasons. First, in the cases relied upon by the Plaintiff, the respective watchmen worked for businesses that were wholesalers or distributors of groceries. *See Mitchell*, 239 F.2d at 378; *McComb*, 187 F.2d at 525. Simply put, these entities sold groceries to retailers. However, in the instant action, the Food Star is the retailer (i.e., it sells goods to local consumers) and does not produce or manufacture any goods that are shipped within or outside Florida. *See* Exh. D, ¶ 3. Thus, the employees of the Food Star do not handle or sell "goods" as defined for purposes of FLSA. *See Navarro v. Broney Auto. Repairs, Inc.*, 533 F. Supp. 2d 1223, 1226 (S.D. Fla. 2008) (Jordan, J.) (concluding that out-of-state wholesalers intended for the out-of-state parts to reach the end of their

interstate journey when they were shipped to local dealers in the local market). The interstate journey of the groceries came to rest once Food Star purchased them to sell to local consumers within Miami-Dade County. *See* Exh. D, ¶ 2. Second, in the cases cited by the Plaintiff, the respective watchmen guarded the merchandise that the wholesalers would then distribute—in interstate commerce—to various retailers. *See Mitchell*, 239 F.2d at 378 (discussing that the watchman was responsible for the areas that stored the wholesaler's goods); *McComb*, 187 F.2d at 525 ("The night watchmen in question is employed to guard appellant's premises, including the warehouse building, offices, <u>the area in which the coffee and rice are packaged for distribution</u>, the yard in which the freight motor trucks are parked, and all merchandise loaded in the railroad freight cars standing on the spur tracks on appellant's property." (emphasis added)). However, in the instant action, the Defendants have submitted undisputed evidence that the Plaintiff only patrolled the inside area where items were placed for consumers to purchase. *See* Exh. A, pg. 29. Therefore, for all these reasons, this Court does not have subject matter

jurisdiction over this action.[2][3]

## IV. CONCLUSION

Accordingly, it is ORDERED, ADJUDGED, and DECREED that the Defendants' Motion for Summary Judgment (**D.E. #19**) be, and the same is hereby, **GRANTED**.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 15th day of December, 2008.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   **Counsel for Plaintiff**

**Jamie H. Zidell**
300 71st Street
Suite 605
Miami Beach, FL 33141

---

[2]The Plantiff makes much of the fact that, "[b]ecause enterprise coverage embraces virtually every business whose annual gross volume of sale of business is $500,000 or more, 'the most salient element of an "enterprise" allegation will be the amount of business a defendant does.'" *Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, 2008 WL 793660, at *1 (M.D. Fla. 2008) (quoting *Farrell v. Pike*, 342 F. Supp. 2d 433, 439 (M.D. N.C. 2004). As previously noted, the undersigned recognizes that this salient element of enterprise coverage is undisputably satisfied. However, given the entirely local nature of the instant action, this is a situation in which a claim for enterprise liability does not exist notwithstanding the fact that the annual-gross-volume element is satisfied.

[3]The Defendants assert other bases for why summary judgment should be granted in their favor. The undersigned does not address these assertions because this Motion is resolved by the jurisdictional issue.

**Daniel T. Feld**
J. H. Zidell
300 71st Street
Suite 605
Miami Beach , FL 33141

*Counsel for Defendants*

**Reynaldo Velazquez**
Velazquez Law Firm PA
100 Almeria Avenue
Suite 340
Coral Gables , FL 33134